## 19550

In the Matter of R. Peter JULIAN, Respondent
(194 S. E. (2d) 195)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *John P. Wilson, Hulan A. Small, Jr., Asst. Attys. Gen.,* of Columbia, *for Complainant.*

*Messrs. Herman E. Cox,* of Greenville, and *Harold R. Lowery,* of Anderson, *for Respondent.*

January 17, 1973.

*Per Curiam:*

The Board of Commissioners on Grievances and Discipline has found respondent, a member of the Bar since 1966, guilty of professional misconduct and has recommended that he be publicly reprimanded. The matter is now before the Court under a rule requiring him to show cause why the findings of the Board should not be confirmed and such disciplinary order issued as the Court may deem proper. In his return, respondent does not question the factual findings of the Board and raises no objection to the disciplinary penalty recommended.

We agree that the actions of respondent, as shown by the record, constituted professional misconduct.

The remaining inquiry concerns the degree of punishment to be imposed. While the Board has recommended that respondent be publicly reprimanded, this recommendation is not binding. The final responsibility in these matters rests upon this Court.

Respondent was charged with six specific acts of misconduct. He was found guilty of four of the charges. These were: (1) wrongfully withholding from a client the sum of $100.00 in the disbursement of funds from the settlement of a tort claim, in violation of Rule 4(a), (d) of the Rule on Disciplinary Procedure for Attorneys; (2) wrongfully refusing, when requested, to return a client's file to him in total disregard of the rights of the client, in violation of Rule 4 (d) of the foregoing rules; (3) dividing fees with an individual who was not an attorney, in violation of Canon 34 of the Canons of Professional Ethics; and (4) filing suit against the Oconee Memorial Hospital to collect an alleged fee of $131,283.72, based upon a "totally ridiculous, absurd, and preposterous" bill for services and when respondent knew that the suit was without foundation, reason or merit, in violation of Canons 12, 13 and 14 of the Canons of Professional Ethics.

The remaining charges alleged that (1) respondent, after accepting a conveyance of certain real estate from a client upon the consideration that respondent would pay within 120 days certain judgments which had been filed against the client, failed and refused to, pay the judgments as promised; and (2) respondent accepted employment in a foreclosure proceeding, but failed to appear at a hearing before a special referee, which resulted in an order that the client's property be sold. As to these charges, the Board found that the matters were not properly handled, but concluded that respondent's actions fell short of official misconduct.

We cannot except the recommendation of the Board that a public reprimand is the proper disciplinary action in this case. The foregoing findings of professional misconduct are of a serious nature. They constitute findings that respondent betrayed the trust and confidence of clients and failed to properly, competently, and with required diligence handle professional matters entrusted to his care. Such actions constitute conduct tending to bring the legal profession into disrepute.

The Board points out, as a partial basis for its recommendation, that the instance here of withholding client's funds involved a small amount. However, apart from the withholding of client's funds, the record shows serious neglect and disregard of professional duty and responsibility in handling the business of clients. All are calculated to bring the profession into disrepute. One cannot be tolerated anymore than the other.

The actions of respondent justify his indefinite suspension from the practice of law, as authorized under Section 5 of the Rule on Disciplinary Procedure for Attorneys.

It is, therefore, ordered that R. Peter Julian be, and he is, hereby indefinitely suspended from the practice of law in this State, and that he forewith surrender to the Clerk of this Court the certificate to practice heretofore issued to him.